# Heflin *v.* Milton.

## *Bill in Equity to Enforce Vendor's Lien.*

1. *Statute of frauds; when contract not affected by.*—The first clause of the statute of frauds, declaring void "every agreement which by its terms is not to be performed within one year from the making thereof," does not apply to a contract the performance of which is dependent upon an event or contingency which may or may not happen within a year; but to contracts, which from their very nature are incapable of performance within that time, or of which, by express stipulation, performance is postponed for a longer period.

2. *Same; sale of lands; when void.*—The only parol contract for the lease or sale of lands, which can be withdrawn from the present statute of frauds, is where the purchase-money or a portion thereof is paid, and the purchaser put in possession by the seller. These two facts must concur; neither one without the other will satisfy the requirements of the statute.

3. *Same.*—Where no part of the purchase-money has been paid, the statute renders invalid a contract for the sale of lands, unless it is subscribed by the party to be charged. Whether that party be the vendor who is to be deprived of his estate in the lands, or the vendee upon whom the estate is to be forced, if there be not written evidence of the contract, subscribed by him, or by his agent thereunto lawfully authorized in writing, *as to him* the contract is void.

4. *Same; contract for sale of lands.*—Although a purchaser, whom it is sought to charge with the payment of the purchase-money, received from the seller, and retained a contract for the sale of lands, duly executed by him, and entered into the possession of the land thereunder; yet, not having subscribed the contract himself, and not having paid any portion of the purchase-money, the contract is as to him void under the statute and incapable of enforcement.

[Heflin v. Milton.]

Appeal from Dale Chancery Court.

Heard before Hon. John A. Foster.

The bill in this case was filed by William Milton against James R. Heflin and Jacob Snell, and sought the enforcement of a vendor's lien on a tract of land which was sold by the appellee and Heflin to Snell, for the payment of the purchase-money. The material facts disclosed by the record are substantially as follows: On the 8th January, 1878, and pending litigation between the appellee and Heflin as to the title to the land in controversy, both claiming to be the owners thereof, they entered into a written contract with Snell, which is in these words:

"The State of Alabama, Dale County. This instrument made and entered into this, the 8th day of January, 1878, between James R. Heflin of this State and county aforesaid, of the first part, and Jacob Snell of the second part, witnesseth: That we, James R. Heflin and William Milton have in legal controversy one certain parcel of land known as the place occupied by James Kelly, Jr., [during] 1877, and the said premises are now claimed by each party, awaiting the decision of the Circuit Court of said county; and whereas the aforesaid Jacob Snell has and does this day agree and obligate himself to pay to the successful party in said suit one hundred and fifty [dollars] at the termination thereof, for said land, we, the said James R. Heflin and Wm. Milton therefore and hereby obligate ourselves jointly and severally to make to the said Jacob Snell a title in fee simple to said premises. And we further grant and give him the right of entry and possession of said premises free of rents until the said lawsuit is at an end." This contract was subscribed by Heflin and Milton, but not by Snell. The latter, however, received and retained the contract and entered into and continued to hold the possession of the lands thereunder, but he paid no portion of the purchase-money. The bill sets out this contract, avers that the litigation between Milton and Heflin had terminated and that Milton was the successful party and then held the title to the land, and that Heflin had no interest therein.

Both defendants, among other defenses, insisted in their answers that the contract was void as against Snell under the statute of frauds, first, because it was not, by its terms, to have been performed within one year from the making thereof; and second, because it was a parol contract for the sale of land, and no part of the purchase-money had been paid by Snell. The chancellor was of the opinion, that the contract was not affected by the statute of frauds, and that the appellee, Milton, was entitled to relief; and he caused a decree to be entered declaring

[Heflin v. Milton.]

a lien on the land and ordering it sold for the purchase-money due thereon. This decree is here assigned as error.

GRIFFIN & WOOD, for appellants.

W. D. ROBERTS, *contra.*

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—The contract is not, as is argued by the counsel for the appellants, within the influence of the first. clause of the statute of frauds, declaring void " every agreement. which by its terms is not to be performed within one year from the making thereof," unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing. The present statute differs in its phraseology from the English statute of 29 Car. 2, and from our statute of 1803. These employed the same words: "Every agreement which is, not to be performed within the space of one year from the making thereof." The construction placed upon them was, as, stated in Browne on Stat. Frauds, § 273, "that the statute does not mean to include an agreement which is simply not likely to be performed, nor yet one which is simply not *expected* to be performed within the space of a year from its making ; but that it means to include any agreement which by a fair and reasonable interpretation of the terms used by the parties, and in view of all the circumstances existing at the time, does not admit of its performance according to its language and intention within a year from the time of its making." The changed phraseology of the present from the former statute was intended simply to adapt its language to the construction the former statute had received, without enlarging or lessening its operation. The cases are numerous in which the performance of an agreement depended upon the happening of a future event or contingency. If the event or contingency was capable of occurrence within a year, the statute was not applied to such agreements, though by possibility performance was extended, or could not be demanded for a much longer period. Whether the litigation in which the title to the land was involved,. would terminate within a year from the making of the agreement, and each party placed in a condition to demand performance was uncertain; the probabilities that it would terminate within that period were at least equal to the probabilities of its protraction for a longer period. By its nature, by its terms,. the agreement was capable of performance within a year. The statute applies not to contracts of this character, dependent for performance upon an event or contingency which may happen

[Heflin v. Milton.]

within a year; but to contracts which from their very nature are incapable of performance within a year; or of which by express stipulation performance is postponed for a longer period. 2 Kent. 594 n.

The second proposition is, that the contract is for the sale of lands, and as it is not subscribed by Snell, who is sought to be charged with the payment of the purchase-money, though under it he was let into possession, which he has retained without interruption, taking the rents and profits, it is within the bar of the statute of frauds. It must be admitted that prior to the present statute of frauds, if under a parol contract of lease or of sale, with the consent of the lessor or vendor, or with his knowledge, from which his consent was implied, the lessee or vendee entered into possession, the taking of possession, without payment of the purchase-money or any part thereof, was an act of part performance, which, in a court of equity, would have withdrawn the contract from the operation of the statute of frauds.—Danforth v. Laney, 28 Ala. 276; 1 Story's Eq. §§ 761–63; Pomeroy on Contracts, § 115. The present statute contains an exception of the only parol contract for the lease or sale of lands which can be withdrawn from its operation. The exception is, when the purchase-money or a portion thereof is paid, and the purchaser is put in possession by the seller. The two facts must concur—the payment of the purchase-money, or a part thereof, and the placing of the purchaser in possession. The one without the other—the possession without paying part or the whole of the purchase-money, or paying the purchase-money or any part thereof without letting into possession—will not satisfy the requirements of the statute. The introduction of exceptions to the statute of frauds, the departure from its letter and policy by courts of equity, to prevent parties through fraud from escaping performance of contracts they were in sound morality bound to perform, was much regretted. Of them it was said by Judge Story, that "it is far from being certain, that these very exceptions do not assist parties in fraudulent contrivances, and increase the temptations to perjury, quite as often as they do assist them in the promotion of good faith and the furtherance of justice."—1 Story's Eq. § 765. The purpose of the present statute is the exception of the only parol contract for the lease or sale of lands, which can be withdrawn from its general words. No other can be introduced or recognized by judicial decision. The mere letting of Snell into possession, and his continuance in possession under the contract of purchase can not withdraw the contract from the operation of the statute.

The words of the statute are imperative—the agreement or some note or memorandum thereof, expressing the consideration, must be in writing, and subscribed by the party to be

charged therewith, or some other person by him thereunto lawfully authorized in writing. The statute embraces not only contracts for the sale, but contracts or agreements for the purchase of lands. It is as offensive to its letter, spirit and policy that a purchase of lands should by fraud or perjury, or by the uncertainties of parol evidence be forced upon the one party, as that the owner of lands should be deprived of his estate by fraud or perjury, or evidence resting in parol.—Browne on Stat. Frauds, § 263. "The object of the statute of frauds," said GOLDTHWAITE, J, in *Norman v. Mollett*, 8 Ala. 546, "is to protect individuals from having parol agreements imposed on them against their consent." All the authorities show that when a purchaser is sought be charged with the payment of the purchase-money, the promise or agreement to pay it must be in writing, or there must be some note or memorandum in writing of the promise or agreement signed by him or his authority. In much the larger number of our cases, the effort was to charge the purchaser with the payment of the purchase-money upon contracts not in writing, or writings signed by him and yet not sufficient to meet the requirements of the statute. *Adams v. McMillan*, 7 Port. 73; *Robinson v. Garth*, 6 Ala. 204; *Knox v. King*, 36 Ala. 367; *Carter v. Shorter*, 57 Ala. 253. True, it is well settled, that the agreement or the note or memorandum thereof need not be signed, or, to employ the language of the present statute, *subscribed* by both parties, but only by him who is to be charged with it: and if signed or subscribed by him, that he is estopped from denying the execution or validity of the instrument because it is wanting in the signature of the other party. This construction does not proceed upon the ground that contracts must be mutual. The principle upon which it rests is that the statute intervenes and prevents the enforcement of contracts, which would otherwise be mutually binding, unless the party against whom it is to be enforced has furnished written evidence of his contract, has subscribed some note or memorandum thereof in writing. The agreement or contract is mutual, but the party seeking its enforcement has neglected to take from the party against whom it is to be enforced, the evidence which the statute requires must exist before it can be enforced. Though he may have given such evidence, and rendered it possible that the contract may be enforced against him, he has but his own folly or laches to blame, that he has not taken the character of evidence, which will enable him to demand performance of the contract. The difficulty is not that the contract or agreement is not mutual, but that each party has not corresponding evidence of it. But little, if any, injury can result from the settled construction of the statute, for if the party not having signed or sub-

scribed the contract or agreement enforces it against the party subscribing, the remedies to compel performance become mutual.—3 Par. Con. 9, note; Browne on Stat. Frauds, § 466; 2 Lead. Cases Eq. Part 2, 1091. The contract or agreement, not having been subscribed by Snell, is as to him void under the statute, and incapable of enforcement. By its own terms the statute emphatically declares the invalidity of the contract unless it is subscribed by the party to be charged. Whether the party be the vendor who is to be deprived of his estate in the lands, or the vendee upon whom the estate is to be forced, if there be not written evidence of the contract, subscribed by him *or by his agent thereunto lawfully authorized in writing*, as to him the contract is by the statute pronounced void. The jealousy of all other than written evidence of the contracts mentioned in the statute of frauds, is manifested by the requisition of written evidence of the authority of an agent to subscribe them. Prior to the present statute, it was well settled that verbal authority to an agent to sign or to subscribe the contract was sufficient.—*Ledbetter v. Walker*, 31 Ala. 175. The present statute repudiates an agency created verbally, and demands that the evidence of the authority of the agent must be in writing.—*Hutton v. Williams*, 35 Ala. 503. The words, spirit and policy of the statute, can not be met and satisfied, unless there is written evidence of the contract subscribed by the party to be charged, the defendant in the action, whether he is the vendor or vendee. See note to *Corbitt v. Salem, Gas Light Co.*, 25 American Rep. 541.

That the agreement was subscribed by Milton and Heflin, delivered and retained by Snell, is certainly strong evidence that he accepted it and assented to it. It is not, however, the evidence which the statute imperatively demands, and rests in parol, the character of evidence the statute intends to exclude. In *Knox v. King*, 36 Ala. 367, the purchaser had caused a deed conveying to him the premises, and a mortgage for the security of purchase-money to be executed by himself, to be prepared. This court said: "The deed and mortgage drawn up at the instance of Mr. Knox, and by his attorney, can not aid the plaintiff's case. They were not signed by Mr. Knox, nor by any person thereunto authorized in writing." There must be a contract or agreement in writing, or a note or memorandum thereof in writing, subscribed by the party to be charged, or by his agent thereunto lawfully authorized in writing, or the concurring acts of part performance expressed in the statute, to avoid its operation. If there be not, however strong may be parol evidence that the contract was made, that it was assented to and accepted, the party is not bound, and can not be charged. There can be no relaxation of the requisi-

tions of the statute, without introducing the mischief intended to be avoided.

The decree of the chancellor must be reversed, and a decree here rendered dismissing the bill, and the appellee Milton must pay the costs of appeal, and the costs in the Court of Chancery to be taxed by the register.