(128 So. 600)

**SMITH v. EAST ALABAMA NAT. BANK.**

4 Div. 475.

Supreme Court of Alabama.

May 29, 1930.

Chauncey Sparks, of Eufaula, for appellant.

W. H. Merrill, of Eufaula, for appellee.

SAYRE, J.

The complaint joined counts in detinue, on a promissory note, and for money had and received. Defendant made no objection as for a misjoinder; but did suggest, as allowed by section 7400 of the Code in actions of detinue, that the action was by a mortgagee against a mortgagor and prayed that the jury be required to ascertain the amount of the mortgage debt. The verdict and judgment were that plaintiff have and recover of the defendant $325.46 (approximately the amount claimed in the complaint, plus interest and an attorney's fee for drawing the mortgage on defendant's household and kitchen furniture, farming tools, and implements, farm products, mules, and cattle owned by defendant, under which plaintiff claimed the property

described in the complaint) and as well the property so described. There was no assessment of the value of the property sued for, nor did the judgment in other respects follow the order described by section 7400.

Taking a mortgage on the personal property of defendant and crops of every kind, to be raised by him, to secure advances to be made to defendant during the year 1927, plaintiff included an item of $200 as part of the purchase price of a parcel of farming land which plaintiff at the time offered to sell to defendant. A separate mortgage on the land to secure the balance of purchase money was prepared, but not executed, nor was the deed thereto ever delivered. This according to the undisputed testimony. At the time of the transaction heretofore referred to, plaintiff's witness, president of the plaintiff, testified: "There was no actual cash paid to him and he didn't pay me any, for he didn't have any cash coming to him out of the $200.00. He went into possession of the land, so far as I knew. I didn't see him in possession of it, but I knew because he thought he was in possession of it by trying to sell it up there and trading it off. I never saw him on the land." Another witness for the plaintiff, a man engaged in the timber business, testified that defendant came to see him in reference to the timber, and together they looked it over, and that defendant told him at that time that he had bought it from the bank; but, this witness said, defendant was not living on the place at that time and he did not know whether any of it was being cultivated. Defendant denied that he had ever bought or agreed to buy the land; but deposed that he had agreed to submit the proposition to his wife and children, and that his wife would not agree to sign the mortgage on the land which plaintiff's witness had prepared; that he never went into possession; that he looked over the place with plaintiff's witness, the timber agent, who happened to be down there, but did not agree to buy it, nor had he ever been in possession.

■ The prescriptions of the statute of frauds (Code 1923, § 8034) are not to be denied or evaded. The single exception which will withdraw a parol contract for the sale or lease of land from the operation of the statute is, when the purchase money, or a portion thereof, is paid, and the purchaser is put in possession by the seller. Heflin v. Milton, 69 Ala. 357. It may be conceded that the transaction between Brown, the president of the plaintiff bank, and the defendant, construed according to the testimony of the former, satisfied the statute in respect to the payment of a part of the purchase money, which need not be made in money, but may be made in anything of money value; but we are unable on the evidence to say that defendant was placed in possession as owner or that the evidence fairly interpreted with all permissible favor to the plaintiff, permitted of that interpretation. Defendant was therefore entitled to the affirmative charge as to the item of $200 requested by him in due form.

■ The deed, prepared for the bank to be delivered to defendant upon his tentative agreement to purchase the land, was not in fact delivered, as the testimony on both parts showed without dispute, and plaintiff had no right to charge defendant with an attorney's or other fee for that service. The exception made the subject of the nineteenth assignment of error shows an erroneous ruling.

■ Plaintiff's witness Brown was permitted, over defendant's objection, to say that the bank "surrendered" possession of the farm to defendant. This would have been proper of course except for the fact that the question called for a conclusion of the witness, who had already shown that his statement to the quoted effect was the statement of a conclusion merely, and meant in fact that he had told defendant he might have the place, and, without waiting for defendant's examination of the property and without waiting for defendant's execution of the mortgage for the balance of the purchase money and without a delivery of the deed, told defendant he might have the property without the mortgage and charged him with the $200 which he included in the mortgage on defendant's personal property. The question here under consideration, to wit, "Did the East Alabama National Bank or not surrender possession to the defendant, Booker Smith?" and the answer, "It did, when the trade was made, right there," conclusively show, as antecedent answers of the witness had already shown, that the witness merely meant that he had told defendant he might take possession of the farm which was five or ten miles away. They do not show that defendant did more than to go over the place in order to determine the value of the timber thereon. The evidence is very clear that no deed was delivered, that the purchase money was paid only by the charge on the personal property mortgage, and that plaintiff's witness Brown merely told defendant he might have the place. On these facts we state our conclusion that the statute of frauds was not complied with.

■ Several of plaintiff's questions to the witness Brown, allowed by the court over defendant's objection, were leading; but that was a matter resting in the discretion of the trial court.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.