154 So.2d 754

**Rexford STOKES, Sr.**

**v.**

**Coy BRYAN et ux.**

**4 Div. 467.**

Court of Appeals of Alabama.

June 4, 1963.

Tipler & Fuller, Andalusia, for appellant.

Prestwood & Prestwood, Andalusia, for appellees.

JOHNSON, Judge.

Appellant, Rexford Stokes, Sr., appeals from a judgment of the Covington County Circuit Court recovered from him by plaintiffs, Coy Bryan and his wife, Agatha S. Bryan, in the amount of $1,000.00 in their action against him for deceit.

The plaintiffs filed their complaint as Count One. The court sustained defendant's demurrer to the complaint. Thereupon, plaintiffs, without striking Count One, amended their complaint by adding Count Two.

Again, the defendant demurred, assigning grounds to the complaint as a whole and as to Count Two separately. The court overruled the demurrer to the complaint as amended. Thereupon, the defendant plead the general issue in short by consent and later filed his plea of recoupment.

The jury returned two verdicts favorable to the plaintiffs; one on the complaint, and a verdict on the plea of recoupment.

The appellant assigns the overruling of his demurrer to the amended complaint as error. He argues that neither count alleges that the defendant knew his representations to the plaintiffs were false.

In Corry v. Sylvia Y Cia, 192 Ala. 550, 68 So. 891, the complaint was held to be sufficient even though there was no allegation of scienter. There, the plaintiff alleged fraud by concealment without alleging that the defendant had knowledge that he was concealing a material fact. The complaint was held to be sufficient by the Supreme Court which held, "True, it contains no allegation of defendant's scienter, but its existence is a necessary legal implication from the facts alleged."

In the earlier case of Griel v. Lomax, 89 Ala. 420, 6 So. 741, the Supreme Court had expressed the same reasoning about concealment " 'Fraudulent concealment,' says Mr. Pomeroy, 'implies knowledge and intention;' and he adds: 'It is hardly possible to conceive of a fraudulent concealment without knowledge of the fact suppressed, possessed by the party, and an intention not to disclose such fact.' 2 Pom.Eq.Jur. § 900 * * *." Cf. Cases on Alabama and Common Law Pleading; M. Leigh Harrison, (1961) p. 88, n. 52. "In an action for deceit is it necessary to allege that the defendant had knowledge of the falsity of his representations? See Cartwright v. Braly, (1928) 218 Ala. 49, 117 So. 477."

The nature of the representation alleged in Count One is that the defendant said

that the plaintiffs could occupy his building for one year as tenants with an option to renew for one year if they bought the grocery business carried on in the building. Count Two alleges that the appellant represented that the plaintiffs could occupy the building for one year for a stipulated rental, that he would not compete with them in Andalusia for the period of one year, that they would enjoy the good will of the business, and represented that he owned the building when in fact he owned an undivided interest in it.

■ The representation about ownership of the building is an allegation that defendant represented to be true which was not true. By virtue of the Code of Ala., Tit. 47, Sec. 102, the plaintiffs were on constructive notice of the ownership of the building.

■ The other alleged representations are promises by defendant of his own future conduct. Code of Ala., Tit. 7, Sec. 112, gives this definition, "A deceit * * * is * * * a promise, made without any intention of performing it." Neither count alleges that any promise was made without intention of performing it.

The plaintiffs do allege that the defendant did not keep his promises and they set out the facts by which he allegedly broke the promises. The complaint is good as far as it goes but it falls short of stating a cause of action for deceit because the defendant could have made his promises intending to perform them and then changed his mind.

> "The concluding averment in said count, 'and plaintiff claims that the conduct of the defendant constitutes a legal fraud,' is but a bald conclusion of the pleader, unsupported by the facts averred, and adds nothing to the count. To state a cause of action ex delicto for breach of duty growing out of a contract, the averments of the count must needs show a valid contract supported by a consideration." Ingalls Steel Products Co. v. Foster & Creighton Co., 226 Ala. 122, 145 So. 464.

For cases in which deceit, by making a promise without intention of performing it, is properly alleged, see Williams v. Williams, 238 Ala. 637, 193 So. 167; and Prowell v. Wilson, 219 Ala. 645, 123 So. 38.

■ Other of defendant's grounds for demurrer were that the lease was void because it was not in writing as required by the statute of frauds. Since this is a case at law, the bar of the statute must be asserted by plea. McDonald v. McDonald, 215 Ala. 179, 110 So. 291.

■ Even though the contract were not taken out of the statute of frauds by the putting of plaintiffs in possession together with the part payment of the consideration for the lease, the defendant would be estopped from asserting the statute of frauds. "[F]raud may be predicated upon such a state of facts, although as a contract it is void because it is not in writing." Spencer v. Spencer, 254 Ala. 22, 47 So.2d 252.

On September 28 and on several other occasions, the parties talked about having a written lease. Mrs. Bryan testified that "the last time the lease was mentioned, Mr. Stokes said, well, it was all right with him, that we could just go on like we were, he would hold up his end of the bargain * * * and so Mr. Bryan told him you need not worry about us holding up our end of the bargain, we shall pay the rent as it falls due." After five months the defendant gave the Bryans oral notice to move and on March 1 gave them written notice.

The defendant testified that there was no written lease because the Bryans did not want one. Stokes sought to corroborate his testimony by introducing witnesses to testify that Mr. Bryan had told each of them on *different* occasions that he was not stocking merchandise to a great extent because he had no lease and did not want to be bound by one. After three witnesses so testified, the trial court informed defense counsel that he would be limited to one more witness on this fact. The defense counsel then offered to introduce six more witnesses who would testify that they heard

Mr. Bryan make such statements, but the trial judge ruled that he could introduce only one more "under the Court's perogative to restrict you to two witnesses to a material fact." The defendant's counsel excepted to the ruling.

■ No doubt, the trial court has some discretion in limiting cumulative evidence. Cole v. Louisville & Nashville Railroad Company, 267 Ala. 196, 100 So.2d 684. There seems to be no statute [1] or case [2] in Alabama deciding whether this discretion extends to limiting the number of witnesses or whether the parties have a right to introduce as many witnesses as they desire and can produce. We have consulted 88 C.J.S. Trial § 92, and Wigmore on Evidence, Sec. 1908, where we found a conflict of authority.

■ We refrain from announcing a broad general rule. However, reason indicates that a party seeking to introduce witnesses proving *different* facts tending to prove the same ultimate issue, which is disputed, may not have the number of his witnesses limited. Galveston H. & S. A. Ry. Co. v. Matula, 79 Tex. 577, 15 S.W. 573.

■ Here the defendant was erroneously limited to four of the nine witnesses who would have testified that at different times one of the plaintiffs made statements which tended to prove the same ultimate disputed issue that there was no written lease because the plaintiffs refused to take one.

Without indicating our opinion in any respect on the remaining assignments of error, which appear unlikely to arise on a retrial, we pretermit consideration of them.

Due to the error of limiting the number of witnesses allowed to testify for appellant in this case, the judgment is reversed and the case remanded.

Reversed and remanded.

1. Code of Ala., Tit. 11, sec. 50, dealing with the number of witnesses who may be taxed in a bill of costs is not applicable.

2. There are cases concerning expert witnesses and character witnesses, but here we are concerned with witnesses on other types of facts.