FAULKNER, Justice.
Summary judgment in favor of the Meadowses is affirmed.
*987 The Meadowses, by warranty deed, conveyed Lot 22, Block D, according to Map of Regency Forest, Plat No. 2, to the Pruitts on September 22, 1978. The conveyance was specifically made “subject to any and all easements, rights of way, reservations and restrictions appearing of record and affecting the property.”
On July 10, 1979, the Pruitts filed a breach of warranty suit against the Mead-owses, based upon an easement to the Alabama Power Company. On June 3, 1980, the Meadowses moved for summary judgment, supporting their motion with an affidavit denying any warranty against encumbrances. The Pruitts neither filed any affidavits nor submitted any other evidence opposing the Meadowses’ motion.
On June 19, the Pruitts filed an amended complaint realleging breach of warranty, and adding another count alleging fraudulent misrepresentation. On June 26, the Court granted the Meadowses’ motion for summary judgment and denied the Pruitts’ amendment.
At the outset, we opine that this appeal borders on being frivolous. However, we will give the Pruitts the benefit of doubt in this case.
The issues here, of course, are: (1) whether summary judgment was proper, and (2) whether the amendment should have been permitted. The answer to the first is yes— to the second, no.
The Pruitts make the novel argument that the easement to Alabama Power Company appearing in the deed was not in the hands of the trial judge when he entered summary judgment. Yet, they neither disputed nor did they suggest that the easement was not of record. Their argument is without merit. Exceptions similar to the one appearing in the Pruitts’ deed are frequently made to limit warranties. Cf. Union Oil Company of California v. Colglazier, 360 So.2d 965 (Ala.1978). Moreover, a buyer of real estate is charged with notice of what appears on the face of the conveyance. Wittmeir v. Leonard, 219 Ala. 314, 122 So. 330 (1929).
Next, the Pruitts did not produce any evidence opposing the Meadowses' motion for summary judgment. And, here the Meadowses clearly carried their burden of proving the nonexistence of any genuine issue of a material fact. Therefore, the trial judge correctly granted their motion. See Worley v. Worley, 388 So.2d 502 (Ala.1980), Rule 56(e), ARCP.
Finally, the amendment was properly disallowed by the trial court. Even though Rule 15(a), ARCP, expresses a liberal policy of permitting amendments, this court stated in Stead v. Blue Cross-Blue Shield of Alabama, 310 So.2d 469 (Ala.1975), that:
[I]f Rule 15 is to be of any benefit to the bench, bar, and the public, the trial judges must be given discretion to allow or refuse amendments. However, we state that amendments are to be freely allowed and refusal of an amendment must be based on a valid ground. We state also that Rule 15 must be liberally construed by the trial judges. But, that liberality does not include a situation where the trial on the issues will be unduly delayed or the opposing party unduly prejudiced.
We cannot find anything in the record showing that the trial judge abused his discretion by disallowing the amendment.
AFFIRMED.
TORBERT, C. J., and ALMON, EMBRY and ADAMS, JJ., concur.