Carlos Darby appeals from that part of the circuit court's order requiring him to reconvey a portion of land to Mary Idell Johnson under an oral agreement. We reverse and remand for entry of judgment in favor of appellant.
In September 1979, Mary Johnson entered into a written contract with the Union Bank of Repton, Alabama, to purchase land in Escambia County for $4,731.06. The contract described two parcels of about one acre each; the two acres are contiguous, with one parcel located north of the other. The contract provided for payments over a five-year period and for the execution of a deed to Johnson upon full payment of the purchase price.
On March 12, 1982, Johnson and Darby entered into a written agreement concerning the northern parcel. Darby agreed to assume Johnson's indebtedness on the contract with the bank, which totaled approximately $3,900 at that time, in return for Johnson's conveying a warranty deed to the northern parcel when the balance due was paid. This written agreement was prepared by Johnson's attorney a week or two after Johnson and Darby informally negotiated the agreement.
Johnson had initiated the negotiations leading to the agreement when she became financially pressed and unable to continue the payments to the bank. She asked Darby, a close friend of her family, if he would be interested in assuming the balance of payments and obtaining title to the northern parcel. Darby agreed to do so in order to assist Johnson. At some point in the *Page 324 
conversation, Darby stated that he would reconvey to Johnson or her children the parcel at some future time if he were reimbursed for his payments. Both parties and several witnesses testified to the existence of this agreement to reconvey. However, the written contract did not include this promise.
Throughout the fall of 1983 and winter of 1984, exploration for oil was conducted in the area and on the property in dispute. According to trial testimony, oil was subsequently discovered on the property. On February 3, 1984, Darby paid the last payment due on the contract with the bank. He requested a deed at that time from Johnson, who refused to deliver it.
On February 28, 1984, Darby sued for specific performance of his agreement with Johnson. Johnson counterclaimed for a declaratory judgment of the parties' rights, title and interests in the parcel, in light of the oral agreement to reconvey. At trial, Darby responded to the counterclaim by interposing the Statute of Frauds as an affirmative defense. The case was tried without a jury, and the court entered judgment for Johnson, without written findings of fact. The court granted Darby specific performance by ordering Johnson to deliver the deed. However, the court also ordered Darby to reconvey the same parcel to Johnson upon her tender of payment for reimbursement of his purchase price and for reasonable costs for the removal of his house trailer.[1]
The only issue presented by this case is whether the Statute of Frauds prohibits enforcement of an oral agreement involving land even though both parties acknowledge existence of the agreement. In essence, Darby contends that the trial court erred by creating an equitable exception to the Statute of Frauds. Johnson's response is that the Statute's policy of preventing fraud and perjury in certain contractual settings is negated when both parties acknowledge the existence of the oral agreement, and thus, the Statute should not apply here.
The Alabama Statute of Frauds reads, in pertinent part, as follows:
 "In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
". . .
 "(5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller."
Code 1975, § 8-9-2. In other words, an oral agreement involving land will be enforced when some or all of the purchase money is paid and the seller gives possession of the land to the buyer; otherwise, the statute voids the contract.
This Court has been required to apply the statute in many cases. Most recently, in Smith v. Smith, 466 So.2d 922 (Ala. 1985), the Court reversed the judgment of the lower court and applied the Statute of Frauds to an oral agreement between twin brothers who agreed to exchange lands. *Page 325 
The Court noted that the trial court's written findings of fact indicated that "the parties had indeed entered into an oral contract to exchange the lands in question" and that one of the brothers had performed his obligation by conveying the land to the other. 466 So.2d at 924. However, the Court applied the Statute of Frauds and voided the oral agreement. Furthermore, upon examining the record, the Court found that the manner of possession by both brothers "was substantially the same beforeand after the oral contract was made." (Emphasis in original.) 466 So.2d at 926. Thus, the possession requirement of the statutory part performance exception was not met.
Last year, this Court in Houston v. McClure, 456 So.2d 788
(Ala. 1984), upheld a court's finding that claimants fell within the part performance exception to the Statute of Frauds. Evidence presented ore tenus at trial described specific acts sufficient to meet the possession requirement. In Smith v. EastAlabama National Bank, 221 Ala. 322, 128 So. 600 (1930), this Court considered an earlier version of the Statute:
 "The prescriptions of the statute of frauds (Code 1923, § 8034) are not to be denied or evaded. The single exception which will withdraw a parol contract for the sale or lease of land from the operation of the statute is, when the purchase money, or a portion thereof, is paid, and the purchaser is put in possession by the seller. Heflin v. Milton, 69 Ala. 354, 357 (1881)."
221 Ala. at 323, 128 So. at 601. And in Heflin v. Milton,69 Ala. 354 (1881), the Court specifically rejected the argument that equity should intervene when the Statute of Frauds is used to escape contractual obligations, the argument upon which the appellee relies. The Court quoted from Justice Story:
 "`[I]t is far from being certain that these very exceptions do not assist parties in fraudulent contrivances, and increase the temptations to perjury, quite as often as they do assist them in promotion of good faith and the furtherance of justice.' 1 Story's Eq. § 765."
69 Ala. at 357.
However, despite Justice Story's admonitions, the Court on at least one occasion has ignored the Statute of Frauds defense in a land contract dispute. In Deming v. Lee, 174 Ala. 410,56 So. 921 (1911), the plaintiff orally agreed to convey his interest in real estate to the defendants in return for the defendants' promise to convey other property plus $500 to the plaintiff. The defendants paid the $500, but, after receiving the plaintiff's property, the defendants refused to convey the other property as agreed and interposed the Statute of Frauds as a defense. In rejecting the defendant's Statute of Frauds argument, the Court stated:
 "`It is a most important principle, thoroughly established in equity, and applying in every transaction where the statute is invoked, that the statute of frauds, having been enacted for the purpose of preventing fraud, shall not be made the instrument of shielding, protecting, or aiding the party who relies upon it in the perpetration of a fraud, or in the consummation of a fraudulent scheme.' 2 Pomeroy, Eq. Jur. (3d Ed.) § 921, p. 1658."
Deming, 174 Ala. at 414, 56 So. at 922. Furthermore, "[e]quity will not permit a party to retain property, obtained on thefaith of a verbal contract, to consummate a fraud by retaining the property and refusing to perform the contract." (Emphasis in original.) (Citations omitted.) 174 Ala. at 419,56 So. at 924. The Court returned the parties to their pre-contract positions, by ordering the plaintiff to return the $500 and the defendants to reinvest him with the conveyed property.174 Ala. at 421, 56 So. at 924.
In Stokes v. Bryan, 42 Ala. App. 120, 154 So.2d 754 (1963), the Court of Appeals provided further guidance on when equity will enforce an oral contract which does not meet the part performance exception. In Stokes, the defendant landlord told the plaintiff tenants that a written lease was not necessary, and the plaintiffs agreed to *Page 326 
an oral lease. Five months later, the defendant gave the plaintiffs notice to vacate. The Court stated:
 "Even though the contract were not taken out of the statute of frauds by the putting of plaintiffs in possession together with the part payment of the consideration for the lease, the defendant would be estopped from asserting the statute of frauds. `[F]raud may be predicated upon such a state of facts, although as a contract it is void because it is not in writing.' Spencer v. Spencer, 254 Ala. 22, 26, 47 So.2d 252, 255 (1950)."
42 Ala. App. at 122, 154 So.2d at 756. The plaintiffs, however, alleged only that the landlord did not perform his promise. And mere refusal to perform does not constitute fraud "because the defendant could have made his promises intending to perform them and then changed his mind." 42 Ala. App. at 122,154 So.2d at 755.
Spencer v. Spencer, quoted in Stokes, supra, involved an oral contract made upon consideration of marriage, which is also void under the Statute of Frauds. See Code 1975, § 8-9-2 (4). In Spencer, the wife challenged the divorce decree, contending that the husband obtained it through fraud. Before she was served with process, her husband told her that if she would not appear in court, then he would not appear as well, and the suit would be dismissed for lack of prosecution. The wife orally agreed and failed to appear; the husband, however, did appear and obtained the divorce decree. The Court stated that a party could be estopped from asserting the Statute of Frauds if the promise was made fraudulently with no intention of performing it. However, the Court further explained the requirements for nullifying a Statute of Frauds defense on the basis of fraud:
 "`[A]ctual and positive fraud, inherent in the transaction involved, must be shown, otherwise the rule does not operate. A mere failure or refusal to perform an oral contract, within the statute, is not such fraud, within the meaning of this rule, as will take the case out of the operation of the statute, and this is ordinarily true even though the other party has changed his position to his injury.'" 37 C.J.S. Statute of Frauds § 217, at 713-14.
254 Ala. at 27, 47 So.2d at 255. In Spencer, the Court held that the wife's complaint did not attempt to show fraud by the husband, but only that he breached the oral agreement.254 Ala. at 27, 47 So.2d at 255.
The principal case relied upon by the appellee in the present case is Campbell v. Campbell, 371 So.2d 55 (Ala.Civ.App. 1979), involving an oral marital agreement. The plaintiff alleged that his ex-wife fraudulently induced him to deed over a one-half interest in the home upon their remarriage. She raised the Statute of Frauds in his action to set aside the conveyance. The Court of Civil Appeals rejected the Statute of Frauds defense, holding that where both parties orally enter into a prenuptial agreement, and both parties testify at trial to the existence and substance of the contract (conflicting only over the time the contract was made), "the purpose of the statute of frauds is completely negated." 371 So.2d at 60. According to the court, if the purpose of the Statute is to prevent fraud and perjury in actions on contract, then there is little danger of fraud or perjury where both parties acknowledge the substance of the contract. Although not clear from the facts in the opinion, we assume that the plaintiff in Campbell made the requisite showing of fraud.
In summary then, the part performance exception is generally the only exception to the Statute of Frauds in regard to oral contracts concerning real property. To withdraw an oral contract from the Statute, one must pay some or all of the purchase price and be put in possession of the land by the seller. However, the cases instruct us that equity may intervene, even though the part performance requirement is not met, when fraud operates from the beginning — that is, when the breaching party procured the land or purchase money with no intent to perform the oral agreement admitted to have been *Page 327 
made. The cases further require that this fraud be clearly shown. Equity will not intervene when the party merely refuses to perform. To do so would render the Statute of Frauds a nullity in that the Statute is usually raised only when one of the parties breaches the oral agreement. Also, to enforce an oral contract against a party merely because he or she admitted to its existence and substance, against his or her own interest, is likely to promote perjury. Instead of admitting to the contract, the breaching party would be tempted to deny the agreement in order to escape liability.
Applying the law to the facts of the present case, which are not materially disputed, the trial court's conclusion that Darby entered into a "valid and enforceable agreement" with Johnson to convey back the northern parcel is erroneous. The evidence established an oral agreement, but the law as applied to the agreement prevents the court's enforcing the oral agreement because it is void under the Statute of Frauds. The statutory part performance does not save it because Johnson was never put into possession of the parcel by Darby, nor did she offer to pay the purchase money until this suit was commenced. Having reviewed the entire record in this case, we must conclude no inherent fraud was shown at trial. Excerpts from the trial transcript show not fraud but an amicable agreement between close friends, one of whom was in financial straits. In fact, it was Johnson who approached Darby about taking over the bank payments:
"Q. What did you tell [Darby], please ma'am?
 "A. I told him that I had it half paid for if he would keep the payments up and finish paying for it. At the end of that time I would give him a deed to it."
Further in the record, in response to questions put forth by her own counsel, Johnson answered:
 "A. . . . [W]ell, I asked my sister before I asked Carlos but she couldn't afford it right then. And then I asked Carlos. And he said sure he would. He was making good money and all this; that he would finish paying for it and he would help me hold on to the other [the southern parcel]. He didn't want to see me lose it. And that I could even have that back at any time I'd give him his money back."
And Johnson described their relationship in these terms and the reasons for the assignment:
 "A. . . . He was like friends to my children. In fact, he was like one.
 "Q. I see. Was it out of friendship for you and your children that he bought or took over your contract to keep you from losing this property at the bank?
"A. Yes. He said it was."
Also, it is significant to the issue of fraud that Johnson's own attorney drafted the agreement, which failed to mention the right of reconveyance. Furthermore, it is noteworthy that Darby was not present when Johnson and her attorney drafted the agreement. There is no suggestion in the evidence that this transaction contained inherent fraud — that is, an intention not to perform operating from the inception of the transaction. Instead, the evidence establishes that Darby refused to perform his promise to reconvey only after he married and established residence on the parcel in July 1983, more than a year after the date of the agreement, or if one wanted to view the evidence more skeptically, Darby refused to perform only after the oil drilling commenced, which in any case occurred more than eighteen months after the agreement.
Based on the principles of law stated above and the evidence in this case, we hold that the trial court applied the law incorrectly. For this reason, we reverse that part of the trial court's decision ordering the appellant to reconvey the land to the appellee, and remand for entry of judgment in favor of appellant Darby.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.
[1] The court order also resolved title and interests in the southern parcel, which was in dispute at trial but was not included in this appeal. In April 1983, Darby also orally agreed with Johnson to purchase the southern parcel by paying $1,500, partially in cash and partially by assuming Johnson's obligations under a different note to the same bank. Darby paid the full sum and progressively cultivated the parcel until it was capable of sustaining a garden, which he planted in April 1984. Although the agreement was oral, the court determined that the Statute of Frauds was inapplicable because of the statutory exception allowing for oral agreements involving real property where the purchase price is paid and the buyer is put in possession of the land. See Code 1975, § 8-9-2 (5). The court resolved ownership of the southern parcel in favor of Darby and provided him with easements across the northern parcel for ingress and egress and septic tank connections. Neither party appeals from this part of the order. *Page 328