This is an appeal by the plaintiff, Patricia F. Batchelor, from an order of the Mobile County Circuit Court granting summary judgment in favor of the defendant, Larry Bruce Batchelor.
Patricia and Larry Batchelor were divorced in 1979. In their divorce decree, Patricia Batchelor was awarded the home of the parties, and Larry Batchelor was ordered to make all the payments on the mortgage thereon.
In 1980, Patricia told Larry that she desired a smaller house; the two thereupon exchanged homes. Patricia received a small house on Lot 55, Camellia Place, that had been purchased earlier that year by Larry, in exchange for the couple's original home.
The deed to the house on Lot 55 evidencing the above exchange provided on its face:
 "This conveyance is made subject to that certain mortgage from LARRY BRUCE BATCHELOR to MOBILE FEDERAL SAVINGS AND LOAN ASSOCIATION dated 5th day of August, 1980, and recorded in Real Property Book 2139 Page 0975 of the records in the Office of the Judge of Probate of Mobile County, Alabama. . . ."
The deed further provided that Larry would remain responsible for payment of the Mobile Federal Savings and Loan mortgage and would hold Patricia harmless and indemnify her for any cost or expense incurred by virtue of any default on the mortgage or the note which it secured.
The deed and mortgage were executed on August 5, 1980, and recorded with the judge of probate on August 12, 1980. *Page 753 
On April 5, 1985, Patricia Batchelor brought this action against her former husband, alleging that at the time of the exchange of houses, nearly five years before, the defendant fraudulently misrepresented the value of the Lot 55 house and fraudulently misrepresented that the Lot 55 house was free and clear of all encumbrances.
The trial court granted the defendant's motion for summary judgment, finding no genuine issue of material fact. This appeal followed.
It is well established that the buyer of real estate is charged with notice of what appears on the face of the conveyance. Pruitt v. Meadows, 393 So.2d 986 (Ala. 1981);Wittmeir v. Leonard, 219 Ala. 314, 122 So. 330 (1929).
The plaintiff contends that she did not receive a copy of the deed because it was sent to the wrong address; therefore, she says, she was not aware of the misrepresentation at the time of the deed's execution and recordation.
In Stokes v. Bryan, 42 Ala. App. 120, 154 So.2d 754 (1963), the plaintiffs purchased real estate from the defendant upon a representation by the defendant that he owned the property outright, when in fact he owned only an undivided interest. The court held that the plaintiffs were on constructive notice of the true nature of title to the property by virtue of the recordation of the deeds. Hence, the plaintiffs could not rely on the representations about ownership of the property to support their action for fraud.
In line with these decisions, 54 C.J.S. Limitation of Actions
§ 189, at 194 (1948), notes:
 "In conformity with the rule requiring the defrauded party to exercise diligence in discovering the fraud, it is generally held that, where the facts constituting or showing the fraud appear from the public records required by law to be kept and open to his inspection, his ignorance of the fraud will not postpone the operation of the statute and that limitations will run from the time the record was made. Record of a deed is within the rule just stated where the facts constituting the fraud appear on the face of the recorded deed. . . ."
Assuming, without deciding, that the defendant fraudulently misrepresented that the Lot 55 house was free and clear of encumbrances, the plaintiff had constructive knowledge of facts constituting the alleged fraud when the mortgage and deed were recorded on August 12, 1980. Thus, her action for fraud, filed nearly five years later, is barred by the applicable one-year statute of limitations. Code 1975, § 6-2-3 and § 6-2-39
(repealed effective 1985).
The plaintiff also contends that the defendant fraudulently misrepresented the value of the Lot 55 house. We have held in a long line of decisions:
 "[W]here the parties deal at arm's length, and the vendee is not fraudulently induced to forbear inquiries which it may be presumed every competent person would otherwise make for his own protection, expressions of opinion as to matters which lie in opinion merely — opinions as to current market values furnishing the most common example — will not constitute ground for an action of deceit, for the reason that the vendee, knowing the nature of such expressions, has no right to rely upon them. He should inquire and examine for himself."
Tillis v. Smith Sons Lumber Co., 188 Ala. 122, 133-34,65 So. 1015, 1018 (1914).
Accordingly, we find that the plaintiff has no cause of action in fraud for defendant's alleged misrepresentation as to the current market value of the Lot 55 home. Moreover, even if plaintiff had an action in fraud for market value misrepresentations, that action would be barred by the statute of limitations.
The one-year statute of limitations began to run from the date the fraud was discovered or the date it should have been discovered. Code 1975, § 6-2-3.
 "There must . . . be some disposition and effort to obtain a knowledge of the facts, and that is what the law calls reasonable *Page 754 
diligence. The question is not simply what facts the complainant actually knew, but of what facts might he have obtained knowledge had he sought it from the natural sources of information which were at his command."
Taylor v. South N.A.R.R., 13 F. 152 (M.D.Ala.1882).
The plaintiff, as owner of the property for nearly five years prior to commencing this action, most certainly should have been aware of the value of the property before July 1984, the date she contends she became aware.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.