Mary Nell M. DeFriece and Lee M. Durst appeal from a summary judgment entered in favor of Ernest C. McCorquodale, Jr. ("Ernest Jr."), and the estate of Nell M. McCorquodale ("the estate") on the fraud claims DeFriece and Durst asserted against Ernest Jr. and the estate. Ernest Jr. and the estate cross-appeal. We affirm.
 I.
DeFriece, Durst, and Ernest Jr. are the children of Ernest C. McCorquodale, Sr. ("Ernest Sr."), and Nell M. McCorquodale. Ernest Sr. predeceased his wife and children, dying on December 18, 1992. Before his death, Ernest Sr. executed a will that devised the family home to Nell and the rest of his real property, approximately 8,000 acres of timberland in southwest Alabama, was placed in trusts with equal one-third shares for the benefit of DeFriece, Durst, Ernest Jr., and their respective families.
However, following Ernest Sr.'s death, the family learned that his will had failed to take advantage of the marital-tax deduction and would, if effectuated, result in a tax liability of approximately $4 million on Ernest Sr.'s estate, worth an estimated $8.3 million. Seeking to minimize that tax burden, the family consulted an estate-planning attorney who recommended, first, that DeFriece, Durst, Ernest Jr., their *Page 467 
respective children, and Nell disclaim their rights to receive real property under Ernest Sr.'s will, and, second, that DeFriece, Durst, Ernest Jr., and their children disclaim their rights to receive any of the estate's real property by intestate succession. The result of these disclaimers would be that Nell would receive outright real property valued at approximately $7 million, that approximately $1 million of assets that remained in the estate would pass outright or in trust for the benefit of the grandchildren, and that the overall tax liability would be reduced from approximately $4 million to $260,000.
The family ultimately agreed to this plan; however, DeFriece and Durst allege that they did so only after Nell told them that she would, either during her life or upon her death, give the real property she received under the plan to DeFriece, Durst, and Ernest Jr., in equal shares, and after Ernest Jr. told them that he would not accept from Nell more than a one-third share of the real property she received under the plan. After the disclaimers were submitted to and approved by the Probate Court of Clarke County, the individual family members executed the disclaimers and, on September 24, 1993, Nell took title to the real property in Ernest Sr.'s estate. Approximately one week later, on September 30, 1993, Nell conveyed to DeFriece, Durst, and Ernest Jr. an undivided 22.25% interest in that real property.
Several years later, DeFriece, Durst, Ernest Jr., and Nell began discussing a possible division of the property in which they jointly held an undivided interest, and, on March 24, 1997, they executed a series of partition deeds dividing the property into four separate parcels, and DeFriece, Durst, Ernest Jr., and Nell were each deeded a parcel. DeFriece and Durst again allege that they agreed to the division of the property only after Nell repeated her representation that she would later give them each a one-third share of the real property she held following the division and after Ernest Jr. again stated that he would not accept from' Nell any more than a one-third share of that property.
On February 11, 2004, Nell died before transferring any more real property to her children. In her final will, dated November 12, 1997, Nell left the bulk of her real property to Ernest Jr.[1] Ernest Jr. petitioned the Probate Court of Clarke County to probate that will on February 27, 2004, and, on March 23, 2004, DeFriece and Durst filed notice that they were contesting the will and moved the probate court to transfer the case to the Clarke Circuit Court.
After the case was transferred to the Clarke Circuit Court, DeFriece and Durst amended their complaint to add four fraud claims against Ernest Jr. and the estate. The essence of those claims was that DeFriece and Durst had agreed to the family tax-savings plan whereby they would disclaim their rights to inherit the real property left to them by Ernest Sr.'s will only after Nell promised that she would later transfer to them and Ernest Jr. the real property she received pursuant to that plan in equal one-third shares and after Ernest Jr. promised them that he would not accept more than a one-third share of that property. DeFriece and Durst also claimed that Nell and Ernest Jr. had repeated those promises to induce them to agree to the division of the property into four parcels in March 1997. *Page 468 
On February 9, 2007, Ernest Jr. moved the trial court to enter a summary judgment in his favor in both the will contest and on the fraud claims asserted by DeFriece and Durst. At a hearing held on that motion on February 26, 2007, DeFriece and Durst agreed that a summary judgment was due to be granted in the will contest, and the trial court subsequently entered the summary judgment. The trial court also ordered the parties to file supplemental briefs on the remaining issues. On April 4, 2007, the estate filed its own motion seeking a summary judgment on the fraud claims that had been asserted against it. Both that motion and Ernest Jr.'s February 9, 2007, summary-judgment motion argued that Ernest Jr. and the estate were entitled to a summary judgment on the fraud claims on the basis of: 1) the statute of limitations; 2) the Statute of Frauds; 3) the doctrine of judicial estoppel; and 4) the lack of substantial evidence indicating that DeFriece and Durst had relied on the alleged misrepresentations by Ernest Jr. and Nell.
On August 31, 2007, the trial court issued a final summary judgment in favor of Ernest Jr. and the estate. That order stated, in pertinent part:
 "With respect to the Estate's motion for summary judgment, the court finds that, because both of the plaintiffs received a greater benefit as a result of the disclaimers than they would have received had [Ernest Sr.]'s will been probated as written, the plaintiffs did not sustain any damage for which they may obtain relief from the Estate. Moreover, the court finds that the doctrine of judicial estoppel prevents the plaintiffs from presently disavowing or avoiding the disclaimers that the plaintiffs filed and affirmed in the Probate Court of Clarke County. The purpose of judicial estoppel is `"to protect the integrity of the judicial process" by "prohibiting parties from deliberately changing positions according to the exigencies of the moment."' New Hampshire v. Maine, 532 U.S. 742, 749-60 (2001).
 "With respect to Ernest [Jr.]'s motion for summary judgment, the court finds that any alleged promises made by Ernest [Jr.] were, at best, illusory and they could not provide a proper basis for an actionable fraud claim.
 "Based upon the foregoing, the court finds that there is no genuine issue as to any material fact and the defendants are entitled to a judgment as a matter of law."
DeFriece and Durst filed their notice of appeal to this Court on September 21, 2007, and Ernest Jr. and the estate filed their cross-appeal on September 28, 2007.
 II. "This Court's review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala. 2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala. 2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758
(Ala. 1986). Once the movant makes a prima facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce `substantial evidence' as to the existence of a genuine issue of material *Page 469 
fact. Bass v. South Trust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989); Ala. Code 1975, § 12-21-12."
Dow v. Alabama Democratic Party, 897 So.2d 1035,1038-39 (Ala. 2004). On appeal, DeFriece and Durst do not challenge the judgment entered in favor of Ernest Jr. on their claim contesting Nell's will; rather, they challenge only the summary judgment entered in favor of Ernest Jr. and the estate on their fraud claims. Thus, we review those claims to determine if, when the evidence is viewed in the light most favorable to DeFriece and Durst, a genuine issue of material fact exists so as to make a judgment as a matter of law for Ernest Jr. and the estate on those claims inappropriate.
We further note that although the trial court entered an order articulating its reasoning for entering a summary judgment in favor of Ernest Jr. and the estate, "our review is not limited to that reasoning, and we may affirm the summary judgment[] if [it is] proper for any reason supported by the record." LeeL. Saad Constr. Co. v. DPF Architects, P.C., 851 So.2d 507,521 (Ala. 2002) (citing Smith v. Equifax Servs., Inc.,537 So.2d 463 (Ala. 1988)).
 III.
In its August 31, 2007, summary-judgment order, the trial court listed three bases for its decision: 1) that DeFriece and Durst were not damaged by the misrepresentations allegedly made by Ernest Jr. and the estate; 2) that the doctrine of judicial estoppel barred DeFriece and Durst's claims; and 3) that the misrepresentations allegedly made by Ernest Jr. were illusory and therefore could not provide the basis for an actionable fraud claim. On appeal, DeFriece and Durst argue that all three of these conclusions are erroneous. Ernest Jr. and the estate predictably argue that the trial court's order was correct in every respect, and they make the additional arguments that the summary judgment should be affirmed: 1) on the basis of the Statute of Frauds because, they say, DeFriece and Durst have produced no signed writing supporting their claims; 2) on the basis of the statute of limitations; and 3) because DeFriece and Durst could not have reasonably relied on the alleged misrepresentations. For the reasons that follow, we agree that DeFriece and Durst's claims are barred by the Statute of Frauds because there is no writing to support the claims. Accordingly, we review only that argument, and we need not consider the other arguments made by Ernest Jr. and the estate concerning other potential bases for affirming the trial court's judgment.
Alabama's Statute of Frauds, § 8-9-2, Ala. Code 1975, provides, in pertinent part:
 "In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
 ". . . .
 "(5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller. . . ."
All the fraud claims asserted by DeFriece and Durst are premised on the contentions that Nell promised that she would transmit to them and to Ernest Jr., in equal one-third shares, the real property she received under the tax-saving plan agreed to following Ernest Sr.'s death and that Ernest Jr. promised them that he *Page 470 
would not accept more than a one-third share of that same property. It is undisputed that both of these promises — Nell's promise and Ernest Jr.'s promise — implicate the conveyance of an interest in land, and this Court has previously made clear that `"[t]he Statute of Frauds requires that any agreement to convey an interest in land . . . be in writing.'"Tonsmeire v. AmSouth Bank, 659 So.2d 601, 604
(Ala. 1995) (quoting with approval the trial court's order). Despite this clear statement of law, DeFriece and Durst attempt to avoid the application of the Statute of Frauds in five ways.
First, DeFriece and Durst argue that the trial court did not enter the summary judgment on the basis of the Statute of Frauds and that whether the promises violated the Statute of Frauds is therefore not an issue subject to this Court's review on appeal. However, although it is true that the trial court did not base its judgment on the Statute of Frauds, the trial court acknowledged that Ernest Jr. and the estate had raised that defense, and it recognized that the Statute of Frauds "may provide [a] valid and independent bas[i]s for granting summary judgment." In any event, we will affirm a summary judgment if that judgment is proper for any reason supported by the record, even if the basis for our affirmance was not the basis of the decision below and even if the basis for our affirmance was not argued below. Smith v. Equifax Servs., Inc.,537 So.2d at 465.
DeFriece and Durst argue, second, that the Statute of Frauds applies only to promises and representations that are part of contractual agreements. DeFriece and Durst argue that the misrepresentations allegedly made by Ernest Jr. and Nell were not "contractual in nature"; rather, they were simply fraudulent statements that now support claims of promissory fraud. InBruce v. Cole, 854 So.2d 47, 58 (Ala. 2003), this Court considered the relationship between breach-of-contract claims and promissory-fraud claims insofar as the Statute of Frauds is concerned and, after overruling a previous line of cases, held that "an oral promise that is void by operation of the Statute of Frauds will not support an action against the promisor for promissory fraud." Thus, regardless of whether the misrepresentations allegedly made by Ernest Jr. and the estate are viewed as contractual in nature or as simply fraudulent, they are subject to the Statute of Frauds because they concern the conveyance of an interest in land.
In a related argument, DeFriece and Durst argue, third, that the Statute of Frauds is inapplicable if fraud occurred during the inception of an agreement. In support of this argument, DeFriece and Durst cite the following passage from LeisureAmerican Resorts, Inc. v. Knutilla, 547 So.2d 424, 427
(Ala. 1989):
 "It is a well-established principle that equity will intervene and render the Statute of Frauds defense inapplicable in a contract action
 `"even though the part performance requirement is not met, when fraud operates from the beginning — that is, when the breaching party procured the land . . . with no intent to perform the oral agreement admitted to have been made.'
 "Darby v. Johnson, 477 So.2d 322, 326-27
(Ala. 1985)."
We did not, in Bruce, include Leisure AmericanResorts or Darby v. Johnson, 477 So.2d 322
(Ala. 1985), in the list of cases that were being overruled; however, our holding that an oral promise that is void by operation of the Statute of Frauds will not support an action for promissory *Page 471 
fraud ultimately had that effect.[2] Bruce stands for the proposition that a party may not avoid the effect of the Statute of Frauds by framing the claim as one alleging promissory fraud or by invoking the historical fraud-in-the-inception exception to the Statute of Frauds. Accordingly, DeFriece and Durst's argument in this regard is foreclosed by our holding in Bruce.
DeFriece and Durst argue, fourth, that even if this Court holds that the Statute of Frauds applies to their claims, multiple writings exist that, when considered together, satisfy the requirement in § 8-9-2 that the alleged promises to convey real property be "in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing." The documents that DeFriece and Durst allege jointly constitute a written memorialization of Ernest Jr. and Nell's alleged promises are: 1) a brief submitted to the Probate Court of Clarke County following Ernest Sr.'s death; 2) a will Nell purportedly made in 1990; 3) a letter written to DeFriece, Durst, Ernest Jr., and Nell in September 1993 by the attorney helping them with Ernest Sr.'s estate; and 4) the September 1993 deeds whereby Nell transmitted to DeFriece, Durst, and Ernest Jr. an undivided 22.25% interest in the real property she received after Ernest Sr.'s death, and the March 1997 deeds partitioning that same property. For the reasons that follow, these documents are insufficient to satisfy the Statute of Frauds.
First, we note that the only documents identified that actually contain the required signatures of Ernest Jr. and Nell are the deeds. However, these deeds contain no language that would indicate that Ernest Jr. and Nell actually made the misrepresentations they are accused of making; rather, they are standard deeds conveying and partitioning property. "Although a writing relied on to satisfy the Statute of Frauds need not be a complete contract, it must contain the essential terms of the alleged contract, `namely, an offer and an acceptance, consideration, and mutual assent to the essential terms of the agreement.'" Fausak's Tire Ctr., Inc. v. Blanchard,959 So.2d 1132, 1138 (Ala.Civ.App. 2006) (quoting Davis v.Barnfield, 838 So.2d 58, 62 (Ala.Civ.App. 2002) (citingWilma Corp. v. Fleming Foods of Alabama, Inc.,613 So.2d 359 (Ala. 1993), overruled on another ground, Bruce v.Cole, supra)). These deeds contain none of those essential terms.
We do not know if the will purportedly made by Nell in 1990 contains her signature because that will is not in the record. Indeed, it is apparently no longer in existence; DeFriece and Durst acknowledge that it was destroyed. It is self-evident that a writing that does not exist cannot be used to satisfy the Statute of Frauds.
Finally, the letter to the family and the brief submitted to the probate court are *Page 472 
not signed by any of the family members; rather, they are both signed by the attorney who was advising the family following Ernest Sr.'s death. Ernest Jr. and the estate dispute that these two documents support the claim that they made the alleged misrepresentations to DeFriece and Durst; however, even if we were to assume the contrary, there is no evidence in the record indicating that Ernest Jr. or Nell gave that attorney written authorization to make those representations on their behalf; accordingly, these documents are not sufficient to meet the signed-writing requirement of the Statute of Frauds. SeeHight v. Byars, 569 So.2d 387, 388 (Ala. 1990) ("Alabama law is well settled on the principle that in order for an agent to act on a principal's behalf regarding a matter controlled by the Statute of Frauds, the agent's authority must be in writing. Moreover, any contract made by an agent without written authority is void if the contract itself is one that has to be in writing." (citations omitted)).
Finally, DeFriece and Durst argue that their complaint supports actions alleging unjust enrichment and ordinary fraud, which claims they allege are undisputedly outside the ambit of the Statute of Frauds. However, regardless of whether the facts in their complaint would support such actions, they have never asserted those claims. In their response to Ernest Jr.'s motion for a summary judgment that they filed with the trial court, DeFriece and Durst acknowledged that "besides the will contest itself, the contestants' action is one in promissory fraud, based upon their reasonable reliance on the representations made by [Nell] and Ernest [Jr.]." DeFriece and Durst cannot now, in this appellate court, raise for the first time claims that were never made in the trial court. Andrews v. Merritt OilCo., 612 So.2d 409, 410 (Ala. 1992).
 IV.
In its order entering a summary judgment in favor of Ernest Jr. and the estate on the fraud claims asserted by DeFriece and Durst, the trial court concluded as a matter of law that DeFriece and Durst were not damaged by the misrepresentations allegedly made by Ernest Jr. and Nell, that DeFriece and Durst's claims were barred by the doctrine of judicial estoppel, and that the misrepresentations allegedly made by Ernest Jr. were illusory and therefore unable to provide the basis for an actionable fraud claim. Without reaching those reasons, we conclude that the trial court's judgment is due to be affirmed on the basis of the Statute of Frauds, which requires that an agreement to convey an interest in land be in writing.[3]
There is no writing memorializing the alleged agreement in this case, and for that reason the summary judgment in favor of Ernest Jr. and the estate on the fraud claims is affirmed.
1061825 — AFFIRMED.
1070029 — AFFIRMED.
COBB, C.J., and LYONS, BOLIN, and MURDOCK, JJ., concur.
[1] In a number of earlier wills prepared between June 1994 and November 1997, Nell had also left the bulk of her real property to Ernest Jr.
[2] We did in Bruce expressly overrule Hinkle v.Cargill, Inc., 613 So.2d 1216, 1220 (Ala. 1992), in which this Court had stated:
 "[The appellee] argues that a fraud action cannot be based on the breach of an unwritten contract that is void under the Statute of Frauds. As the above-cited authorities show, however, the Statute of Frauds does not bar proof of a fraud committed by means of a promise that ordinarily could not be enforced as a contractual promise because of the Statute of Frauds. Furthermore, `it is well settled in Alabama that fraud may be predicated upon a breach of contract which is void, because not in writing, where the contract was made for the purpose of perpetrating the fraud.' Caron v. Teagle, 408 So.2d 494, 496
(Ala. 1981)."
Among the "above-cited authorities" referred to in this passage is Darby v. Johnson, 477 So.2d 322 (Ala. 1985), upon which Leisure American Resorts relied.
[3] As this Court stated in Smith v. Equifax Services,Inc., 537 So.2d at 465: "We do not mean to imply that the reasons given by the trial court for granting the summary judgment . . . were wrong or insufficient, but merely that we do not need to address those reasons, because we can uphold the trial court's judgment on [other grounds]. . . ." *Page 473