**BREWER v. EWART. (6 Div. 784.)**

(Supreme Court of Alabama. Nov. 8, 1923.)

**1. Joint adventures ⟺5(2)—Complaint held based on theory of joint adventure.**

Bill of complaint *held* based on theory that there was a contract of joint adventure for the purchase and sale of land, under which the respondent was to buy the land, or furnish the money therefor, hold it for the joint benefit of complainant and respondent, and when sold divide the net profits between them, and not a complaint to enforce a parol trust in land, or to enforce a contract for an interest in land by specific performance.

**2. Joint adventures ⟺1—Contract must be supported by consideration.**

A contract of joint adventure must be supported by a valuable consideration, consisting of some contribution by each coadventurer of money, or material or service, since otherwise the promise of his associates to give him an interest in the enterprise and a share of its profits would be nudum pactum merely, and therefore without effect.

**3. Joint adventures ⟺1 — Mutual promises sufficient.**

Mutual promises are sufficient to support a joint adventure, but the promises must be to do something promotive of the enterprise, and not merely to share in its profits.

**4. Joint adventures ⟺1—Gratuitous agreement to buy not enforceable.**

An agreement to buy, hold, use, and sell land for the joint benefit of promisor and another, without an agreement on the part of the other person to contribute anything to the joint adventure *held* not enforceable; there being no consideration for the promise.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by E. P. Ewart against W. P. Brewer. From a decree for complainant, respondent appeals. Reversed, rendered, and remanded.

The original bill of complaint was filed for the purpose of enforcing an asserted trust in land. The facts alleged as a basis for relief were that complainant knew of a certain mortgage indebtedness of $3,200, secured by mortgage on land worth about $6,000, and that he informed the respondent of it, and that after several conferences it was agreed between complainant and respondent that respondent would purchase said mortgage for their joint use and benefit, and that the mortgage should thereafter be foreclosed, and the property bought in by respondent and held in his name until such time as it could be sold or otherwise disposed of for a profit; the net profit, after cost and expenses, to be divided equally between them. It was alleged that respondent in fact bought in the said property, now worth $10,000, at foreclosure sale for $3,288.33, and had taken and held possession of it for himself exclusively and refused to carry out the contract. A demurrer was sustained to the bill as framed, and it was amended by changing the prayer to one for specific performance, and also for general relief.

The bill was afterwards amended in substance, the allegation of agreement being as follows:

"After discussing the matter with the defendant, complainant requested the defendant to buy in said property at said foreclosure sale for the complainant, taking the title in the name of the defendant, and that he and the defendant would thus handle the said property and at the proper time sell same and convert it into money; and complainant avers that thereupon the defendant agreed to advance the money to purchase said property, not to exceed the sum of $4,000, and to take the title in the name of the defendant, but that the said property should be held and disposed of for the joint benefit of the complainant and the defendant,"

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

—with a division of the net profits as first alleged. An alternative prayer was added, asking that the transaction between complainant and defendant be held as one in the nature of a joint adventure, and for an accounting in that behalf, and that complainant be allowed to pay defendant such an amount as to make their interests in the property equal, or that it be sold for equitable apportionment of the proceeds. To the bill as thus amended the same demurrer was refiled, and duly overruled.

Defendant pleaded specially and severally the limitations of six, five, four, and three years. He also answered, admitting the fact of his purchase of the land, but denying specifically the making of the agreement charged in the bill, or any agreement whatever, with complainant with respect to this land, or its purchase.

The only testimony offered was in the depositions of the complainant and his wife and of the defendant. Complainant testified:

"In December, 1914, I was in the office of the defendant at his place of business on First avenue in the city of Birmingham, and he informed me that this mortgage was being foreclosed, and that he had seen a notice of the foreclosure in the Labor Advocate, a newspaper published in the city of Birmingham, Alabama. He stated to me that he did not care to buy the property, and I thereupon stated to him that, if he would buy the property for me, I would handle it, and dispose of it, and we would divide the net profits. The defendant then asked me what I thought it was worth, and I informed him that in my opinion it was worth about $10,000 to $15,000. He then told me that Mr. Smith had informed him that the property could be bought for about $3,200. I went to the Labor Advocate office and bought the newspaper in which the advertisement was contained, which showed that the sale was set for the next week. I then went again to Mr. Brewer's office, and after talking the matter over with him he agreed to purchase the property for me at the foreclosure sale, provided no one bid in excess of $4,000, with the understanding that the property would be held until a suitable time to sell it, and that after paying him the amount of money expended by him with interest thereon, the balance derived from the sale and rents of said property to be divided equally between us."

Defendant denied all of that in toto. The court rendered a final decree, holding that the transaction was established as one in the nature of a joint adventure, that defendant holds title for the joint benefit of himself and complainant, and that upon a sale of the land complainant is entitled to an undivided half interest in the net profits therefrom, with a lien thereon to secure said interest. Defendant appeals, and assigns for error the decree overruling his demurrer to the bill, and also the rendering of the final decree granting relief.

John D. Strange and Smith & McCary, all of Birmingham, for appellant.

A verbal gift will not be enforced. Griffin v. Griffin, 206 Ala. 489, 90 South. 907; 26 Ency. Law (2d Ed.) 25. To enforce specific performance, the parties must be mutually bound. McGowin Lbr. Co. v. Camp Lbr. Co., 192 Ala. 35, 68 South. 263; Rushton v. McKee, 201 Ala. 49, 77 South. 343. There can be no parol trust in lands. Oden v. Lockwood, 136 Ala. 517, 33 South. 895.

Haley & Haley, of Birmingham, for appellee.

Mutual promises of the parties are sufficient to support a contract. 23 Cyc. 454. Where property is purchased as a joint adventure, the holder of the title will be regarded as trustee for his associates. 23 Cyc. 455.

SOMERVILLE, J. [1] The bill of complaint could not be maintained on the theory merely of enforcing a parol trust in land, nor of enforcing a contract for an interest in land by specific performance. As last amended, it undertakes to show a contract of joint adventure for the purchase and sale of land, under which the respondent was to buy in the land, or furnish the money therefor, hold it for the joint benefit of complainant and respondent, and when sold divide the net profits between them.

[2] A contract of joint adventure, like any other contract, must be supported by a valuable consideration. There must be some contribution, by each coadventurer, of money, or material, or service; for otherwise the promise of his associates to give him an interest in the enterprise, and a share in its profits would be nudum pactum merely, and therefore without effect.

[3] It is true that mutual promises are sufficient to support a joint adventure, but the promises must be to do something promotive of the enterprise, and not merely to share in its profits. An examination of the bill of complaint, as finally amended, discloses that it is wholly bare of any allegation that complainant was to contribute anything whatever—money, material, or service—to the initiation, prosecution, or conclusion of the adventure. So, also, an examination of the testimony fails to show that complainant contributed anything, or undertook to do anything, in that behalf.

[4] The net result of it all was that respondent gratuitously agreed to buy, hold, use, and sell the land for the joint benefit of himself and complainant. Such a promise is not binding, and cannot be enforced either in law or equity. The demurrer for want of equity, as well as the demurrer pointing out the absence of valuable consideration, should have been sustained.

The decree will be reversed, a decree will be here rendered, sustaining the demurrers as indicated, and the cause will be remanded for further proceedings.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.