This is an appeal from the Mobile County Circuit Court's judgment ordering appellants, Marseille and Elaine Houston, to convey property to appellees, John T. and Christine McClure. We affirm.
The facts of this case are as follows:
On July 9, 1981, the Houstons agreed to sell, and the McClures agreed to buy, a waterfront lot located at Dauphin Island, Alabama. The lot is more particularly described as Lot 12, Block 1, Aloe Bay Addition. Under the contract, the McClures owed the Houstons $10,000.00, due on December 15, 1981. On July 10, 1981, the McClures had tendered the initial $10,000.00 payment by cashier's check to the Houstons, who accepted it and signed a document acknowledging its receipt. The document appears in the record as follows:
"July 10, 1981
 "Received from John T. and Christine McClure ten thousand dollars deposit on Lot 12 Block 1 Aloe Bay Addition balance due on December 15, 1981, oil rights have not been sold."
For the next three days the McClures spent a great deal of time on the property; they cut the grass, cleared the grounds, and repaired and added on to an existing pier. The McClures also placed two diesel fuel tanks on the property.
On July 14, 1981, appellant Marseille Houston advised the McClures that he wanted to buy back the lot from them. Appellant offered to return their $10,000.00, along with a check for $700.00 to cover any improvement expenses incurred by the McClures. The McClures refused to accept these checks; as a result of their refusal Houston ordered them to remove the fuel tanks, and subsequently posted "no trespassing" signs on the lot. On July 15, 1981, the McClures tendered the remaining $10,000.00 payment by letter from their attorney, which the Houstons refused.
In August 1981, the McClures filed a complaint seeking specific performance of *Page 789 
the contract. A motion for summary judgment was filed by the McClures in January 1982. After considering the pleadings and affidavits of both sides, the trial court granted the motion for summary judgment and ordered the Houstons to convey the lot to the McClures. The Houstons appealed, and we reversed and remanded the case for trial. In this court's opinion, authored by Justice Faulkner, we stated that there were issues of fact as to whether the purchaser's alleged acts of possession of the property were referable exclusively to the contract, so as to satisfy the Statute of Frauds. Houston v. McClure, 425 So.2d 1114 (Ala. 1983).
On September 6, 1983, the case was presented ore tenus to the trial court without a jury, and judgment thereafter was entered in favor of the McClures. The Houstons were ordered to convey the lot to the McClures by warranty deed within fourteen days of the entry of the judgment. It is from this judgment that the Houstons appeal.
The dispositive issue on appeal is whether the trial court's judgment ordering appellants to convey the lot to appellees is correct.
Contracts for the sale of land are governed by § 8-9-2, Code 1975 (the Statute of Frauds), which states:
 In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
. . . .
 Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller. . . .
When the case was before us on the first appeal, we held that both the cashier's check and the receipt regarding it failed to comply with the primary requirements of § 8-9-2, Code 1975, set forth above. Houston v. McClure, supra. This means that for the McClures to be able to recover, they must prove that the part performance exception to the Statute of Frauds is applicable.
 To take a case out of the statute of frauds . . . upon the ground of part performance, the acts of possession must be clear and definite, and referable exclusively to the contract, and by authority of the vendor. The existence of the contract and its terms should be established by competent proof to be clear, definite, and unequivocal in all its terms. If its terms, or the necessary acts of part performance, are not sustained by satisfactory proof, specific performance will not be decreed.
Id., quoting Hagood v. Spinks, 219 Ala. 503, 122 So. 815, 816
(1929).
The evidence was presented to the trial court ore tenus, and, after listening to the testimony offered by both sides, the court made the following findings of fact:
 The court finds, based on the evidence presented at trial, that the terms of the contract for sale of the subject lot were clear, definite and unequivocal; that the contract was supported by consideration; that all parties to the agreement were present during the meetings of July 8, 1981 and July 10, 1981 and that they each had a clear understanding of the terms of the agreement at the time it was made. The court finds no evidence of fraud, oppression, duress, over-reaching or unjust enrichment in the making of the contract and finds that the defendants' defense of inadequate consideration is without merit.
 The court further finds that the plaintiffs immediately took possession of the property pursuant to the agreement. Based on the evidence presented at trial, the court finds that the plaintiffs' acts of possession are clear and definite, referable exclusively to the contract and by authority of the vendors. *Page 790 
As we stated previously, this case was presented ore tenus. The general rule in ore tenus cases is that we will not disturb findings of fact made by the trial court if they are supported by the evidence or any reasonable inference therefrom, unless these findings are plainly and palpably erroneous. Eagerton v.Courtaulds North America, Inc., 421 So.2d 104 (Ala. 1982); FirstAlabama Bank of Montgomery, N.A. v. Coker, 408 So.2d 510 (Ala. 1982). We are unable to find any error in the trial court's findings of fact in this case.
For the above-stated reason, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.