MADDOX, Justice.
This appeal involves a dispute between two doctors over ownership of a medical complex in Mobile. Appellee/plaintiff Blake alleges that he owned twenty-five percent (25%) of the complex. Appellant/defendant Hunte disputes plaintiff’s claim and alleges that he (Hunte) owns all of the medical complex. The Mobile Circuit Court, sitting without a jury and hearing evidence presented ore tenus, found for plaintiff Blake. We affirm.
Appellant/defendant Hunte raises two issues on appeal: (1) the Statute of Frauds, and (2) the “voluminous records” exception to the best evidence rule. We address each issue separately and include only those facts necessary for the resolution of each issue.
OPINION
I. The Statute of Frauds
In his complaint, plaintiff alleges as follows:
“1. On or about June, 1978 plaintiff and defendant were negotiating concerning the formation of a business partnership for the purpose of acquiring and owning certain real property located in the city and county of Mobile, Alabama for use by the parties as a medical office ....
“2. Defendant represented to plaintiff that he would be responsible for preparation of all of the documents necessary to create the said partnership and to close the real estate transaction, and that plaintiff would own a 25% interest in the said partnership and in the said real estate.
“3. In reliance on the said representations, plaintiff invested $26,400.00 towards the purchase of the said real estate in June, 1978; signed a promissory note secured by a mortgage on the said real estate held by The American National Bank & Trust Company of Mobile; paid 25% of each monthly payment on said note; and paid his pro rata share of maintenance expenses with respect to the said property.
* *
“5. Within the year next preceding this action, plaintiff discovered that defendant had never caused a written partnership of agreement [sic] to be prepared or executed; that the deed to the said real property does not reflect plaintiff as grantee; that plaintiff holds no interest of record in the said property but is jointly and severally liable with defendant to the bank on the said mortgage loan....”
Defendant answered these allegations by arguing that there never was an oral agreement between him and plaintiff concerning a transfer of a 25% interest in the property. Defendant’s position is that after a year of payments by the plaintiff, the two parties would enter a written joint venture agreement, and this contemplated written agreement would call for a transfer of the 25% interest in the property; thus, defendant argues that the agreement plaintiff sues on was in effect nothing more than an agreement to make another agreement in the future dealing with the land. Defendant further argues, however, that even if there was a present agreement for the transfer, as plaintiff contends, it violates the statute of frauds and is unenforceable.
As to the existence or nonexistence of an agreement, the trial court explicitly found *77 that the parties did reach an agreement: “The parties’ intentions and agreement at the time the property ... was acquired in 1978 were that plaintiff would have a 25% interest, and defendant would have a 75% interest in said property.... ” The record contains ample evidence to support the trial court’s finding of such an agreement, and in light of the evidence, we cannot say that, the court was “plainly and palpably erroneous” in its finding. Houston v. McClure, 456 So.2d 788 (Ala.1984).
Defendant now argues, however, that the agreement is unenforceable because it violates the Statute of Frauds. The Statute of Frauds is codified in Alabama, and that part relevant to these facts reads as follows:
“In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
<<* * *
“(5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller....” Code 1975, § 8-9-2.
Section 8-9-2(5) includes oral agreements to form partnerships or to enter joint ventures calling for the conveyance of real estate. Ideal Structures Corp. v. Levine Huntsville Development Corp., 251 F.Supp. 3, 11-12 (N.D.Ala.1966), rev’d on other grounds, 396 F.2d 917 (5th Cir.1968); Pierce v. Murphree, 274 Ala. 20, 27, 145 So.2d 207, 214 (1962). Thus, the Statute of Frauds renders this oral agreement void and unenforceable, unless it falls within the Statute’s “part performance” exception.
The “part performance” exception requires the putative purchaser to (1) be in possession of the property, and (2) have paid all or part of the purchase price of the property. Code 1975, § 8 — 9—2(5); Merchants National Bank of Mobile v. Steiner, 404 So.2d 14, 19 (Ala.1981). Here, the parties concede that plaintiff was in possession of the property. Defendant, however, argues that plaintiff has not met the second requirement of paying all or part of the purchase price.
Defendant and his accountant testified that the plaintiff knew that the money he paid defendant was intended to be and indeed was used for remodeling, repair, and upkeep of the property, not for the purchase of any part of the property. Yet, the trial judge found that the money plaintiff paid in installments to defendant was a payment on the property’s purchase price. The trial court could have based this finding on the amounts of the installments, the total amount of money paid, and the timing of the payments.Again, in view of the evidence of record, we cannot say that the trial court was “plainly and palpably erroneous,” Houston, supra, in finding that plaintiff’s payments to defendant were purchase money payments.
Therefore, we hold that the instant agreement, though an oral agreement calling for the conveyance of real estate, falls within the Statute of Frauds’ “part performance” exception and is a valid, enforceable agreement.
II. The “Voluminous Records” Exception
Defendant next argues that the trial court committed reversible error in allowing plaintiff to introduce into evidence a summary of the checks he paid defendant. Plaintiff says the summary was properly admissible under the “voluminous records” exception to the best evidence rule.
The “voluminous records” exception enjoys almost unanimous acceptance in this country. See Annot., 66 A.L.R. 1206 (1930). The exception has long been recognized in this state. See e.g., Sovereign Camp, W.O.W. v. Hoomes, 219 Ala. 560, 567, 122 So. 686, 692 (1929); Hurst v. Kir *78 by, 213 Ala. 640, 641, 105 So. 872, 874 (1925). Alabama’s particular statement of the exception is set forth in C. Gamble, McElroy’s Alabama Evidence § 220.01 (3d ed. 1977):
“It sometimes occurs that a fact to be proven requires an inspection and compilation of numerous and voluminous documents, such that inspection and compilation by the judge or jury at the trial would be unreasonable, impracticable or impossible. Under these circumstances, a qualified witness, who has made an examination of such documents, may state the result of his computations therefrom if, but only if, the documents are made available to the opponent for his inspection. The witness, therefore, may testify to his summary of voluminous records without having to produce the original or account for their loss.” (Footnotes omitted.)
Defendant does not appear to dispute the potential admissibility of the check summary under the “voluminous records” exception. Specifically, at trial when plaintiff attempted to introduce the summary during his own testimony, defendant’s counsel said:
“Judge, I object unless ... if they want to get it into evidence let those people come in and testify that they prepared it, and get it in that way. I would object to its being offered into evidence. Dr. Blake just admitted that he didn’t prepare it, he only assisted.” [1]
Thus, he seems to be arguing that although the summary might be admissible under the “voluminous records” exception, plaintiff did not sufficiently comply with the exception’s requirements, and thus was improperly allowed to invoke the exception at trial.
Indeed, as gleaned from Judge McEl-roy’s statement of the exception, one of the requirements for its invocation is that the witness be “qualified.” The issue, then, is whether plaintiff was “qualified” to testify to and from this summary.
On voir dire examination, plaintiff Blake conceded that he did not actually prepare the check summary:
“Q Dr. Blake, did you yourself prepare this statement?
“A Yes. I assisted in the preparation of this statement.
“Q You assisted in the preparation of it. You didn’t prepare it then?
“A No. I didn’t write down the actual figures, no.”
Yet, the record reflects that plaintiff was highly familiar with the summary:
“Q Dr. Blake, you said that you assisted in the preparation of it? Is that what you testified to?
“A Yes. I looked at the checks before they were written down. I didn’t actually write them down. I don’t have the time to do that.
* *
“A This was done mostly by Ms. Mary Marshall in my presence.
“Q Uh-huh.
“A I was physically present in the office when it was prepared.
“Q Uh-huh. Was she working for you at that time?
“A At that time, yes, she was.
* *
“Q Dr. Blake, is this document — First of all, are you familiar with your own business records?
“A Yes, I am.
“Q And you’ve maintained them in your office?
“A Right.
“Q And you have custody and control of those records?
“A Yes, I do.
*79 “Q All right. And was this analysis prepared from your business records?
“A Yes. It was prepared from checks and cancelled checks.
“Q And were those ... did those cheeks reflect business transactions made at or about the time of the actual transaction? “A They did.
“Q And is this compulation [sic] a true and correct reflection- of your business records?
“A Yeah. I examined it myself on its preparation, and it does.
“Q And you supervised the preparation of this document?
“A Yes, I did.
(t* * *
“Q Dr. Blake, going back to the financial compulation [sic] that is Plaintiffs Exhibit 2, do you have checks which each entry on this compulation [sic] refers to? “A Yes, sir.”
“Q All right. And is this compulation [sic] made simply in an effort to avoid the time consuming process of going through each and every check?
“A Yes, sir, it was.”
In light of this testimony, we have no difficulty in holding that plaintiff Blake was a “qualified” witness for purposes of the “voluminous records” exception. Although we certainly can envision instances, perhaps even the great majority of them, where the only “qualified” witness would be the actual preparer of the summary, under these facts and with these particular records (i.e., plaintiff’s personal checks), plaintiff has shown himself to be a qualified witness as contemplated by the law of Alabama and compiled by Judge McElroy in § 220.01, supra.
Thus, defendant’s argument with respect to the best evidence rule’s “voluminous records” exception is without merit.[2]
The judgment appealed from is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.

. In a cautionary vein, we note that the adequacy of the specificity of this objection is questionable. We feel that in the context in which it was made, however, it just reaches that degree of specificity that would inform the trial court of the grounds for the objection and thereby preserve the question for appellate review. Daughtry v. Western Ry. of Alabama, 341 So.2d 702, 705 (Ala.1977); Ala.R.Civ.P. 46. The preferable, and certainly the more cautious, objection of this nature would have at least included explicit reference to the best evidence rule.

. In his brief, defendant argues that plaintiff also failed to meet certain other requirements of the "voluminous records” exception. As has been set out above, however, defendant’s only objection at trial went only to the exception’s requirement that the witness be "qualified.” Defendant did not argue these other requirements to the trial court, and we cannot put the trial court in error regarding something it never had before it. Marigold Coal, Inc. v. Thames, 274 Ala. 421, 424, 149 So.2d 276, 279 (1962); Barber Pure Milk Co. v. Holmes, 264 Ala. 45, 55, 84 So.2d 345, 353-4 (1955); Ala.R.Civ.P. 46.