**Harold RICE, et al., Plaintiffs,**

v.

**Kenneth BARNES, Defendant.**

**No. Civ.A. 00–D–1206–E.**

United States District Court,
M.D. Alabama,
Eastern Division.

June 4, 2001.

Charles N. Parnell III, James M. Smith, Parnell & Crum, Montgomery, AL., for plaintiff.

Robert R. Riley, Jr., B. Keith Jackson, Riley & Jackson, Birmingham, AL., for defendant.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Two motions are before the court. The first motion is Defendant Kenneth Barnes's Motion For Summary Judgment and Partial Summary Judgment, which was filed April 3, 2001. Plaintiff Harold Rice, Sr. filed a Response on April 20, and Barnes issued a Reply on April 26. The second motion is Barnes's Motion To

Strike, which was filed April 26, 2001. After careful consideration of the arguments of counsel, the relevant law and the record as a whole, the court finds that the motion for summary judgment is due to be granted and denied in part, and the motion to strike is due to be granted.

## I. JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The parties do not contest personal jurisdiction or venue.

## II. STANDARD OF REVIEW

The court reviews the record and makes factual inferences in the light most favorable to the nonmoving party. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The court does not "weigh the evidence and determine the truth of the matter," *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), but enters judgment only if "there is no genuine issue as to any material fact." FED.R.CIV.P. 56(c).

## III. FACTS

Plaintiff Harold Rice owned a trucking company named Hub Trucking, Inc. In approximately 1995, Rice negotiated a consolidation loan with G.E. Capital in order to pay off debts on Hub Trucking's trucks and trailers. The loan was secured by the personal guarantees of Harold Rice, his wife, and their son.

After receiving the G.E. Capital loan, Hub Trucking filed Chapter 11 bankruptcy. Rice subsequently negotiated a debt resolution agreement with G.E. Capital. The agreement provided that the parties responsible for the debt, including Mr. and Mrs. Rice, would collectively pay G.E. Capital $250,000 or, if they could not pay $250,000, then Rice would sell property he owned in Waco, Ga., and pay G.E. Capital out of the sales proceeds.

The Rices were unable to pay the $250,000 and, thus, began looking for potential purchasers of the Waco property. The Rices made good faith efforts to locate a purchaser but were unsuccessful. Rice then discussed his financial problems with a man named Joe Williamson, and Williamson said that Defendant Barnes might be interested in looking at the Waco property. After his conversation with Williamson, Rice contacted Barnes to determine if Barnes would be interested in purchasing the Waco property. Initially, Barnes said he did not wish to purchase the Waco property, but Rice later explained that the Waco property was going to be foreclosed upon and sold at auction if Rice did not find a purchaser. Rice told Barnes that Rice would make all interest payments if Barnes would agree to take out a note on the Waco property. Barnes then told Rice that he would look at the property.

After Barnes viewed the property, the parties entered into an oral agreement whereby Barnes and his brother, Richard, were to take out a note at the Bank of Wedowee so that Rice could pay the obligations secured by the Waco property. As part of the agreement, Rice agreed to pay the interest payments on the Bank of Wedowee note. Barnes claims that he told Rice that he would not receive any proceeds from the sale of the property if Rice failed to make the interest payments as promised.

When Rice and the Barnes brothers arrived at the Bank of Wedowee to obtain the loan for Rice to pay off his debts, they learned that Rice required $600,000 to satisfy his obligations. The Bank of Wedowee was only willing to loan the Barnes brothers $550,000, however, and also required a $50,000 down payment from an-

other source to consummate the transaction. To complete the transaction, Barnes took out a $50,000 loan secured by his house, which Rice was to repay.

After the Barnes brothers took out the $550,000 note, Rice failed to make the interest payments. Barnes subsequently undertook to find a buyer for the Waco property. Although Barnes initially had some difficulty in locating a buyer, the State of Georgia ultimately purchased the Waco property for $900,000. Barnes did not give Rice any money from the sale of the Waco property.

Plaintiffs commenced this action to recover, under the oral contract between Rice and Barnes, their portion of the sale proceeds of the Waco property and to recover for the alleged fraud relating to the oral contract. In Count One, Plaintiffs seek an accounting of the proceeds from the sale of the Waco property. In Count Two, Plaintiffs allege that Barnes breached his contract with Rice by refusing to pay over the proceeds from the Waco property. In Counts Three and Four, respectively, Plaintiffs assert claims of conversion and "equitable money had and received." In Count Five, Plaintiffs assert that "Barnes fraudulently induced Plaintiff Harold Rice, Sr., to deed him, free and clear of liens and encumbrances," the Waco property. Further, Plaintiffs claim that "Barnes never intended to pay Plaintiff Rice one-half of the profits or to reimburse him the $50,000 amount that he paid at the time the transaction was closed." Plaintiffs seek $160,000 plus punitive damages.

## IV. DISCUSSION

### A. *Motion to Strike*

Barnes seeks to strike part of Rice's affidavits because the testimony contained

therein allegedly contradicts earlier deposition testimony. Specifically, Barnes challenges Rice's testimony that he "allowed" Barnes to undertake certain activities with regard to the Waco property. The motion is well-taken.

■ An affidavit should be disregarded when it is a sham. This occurs " 'when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact ... [and that party attempts] thereafter [to] create such an issue with an affidavit that merely contradicts, without explanation, the previously given clear testimony.' " *Tippens v. Celotex Corp.*, 805 F.2d 949, 954 (11th Cir.1986) (quoting *Van T. Junkins & Assoc. v. U.S. Indus.*, 736 F.2d 656, 657 (11th Cir.1984) (brackets in original)).

■ During his deposition, Rice was asked clearly, explicitly, and repeatedly whether there were any written documents, notes, or letters, setting out the terms of the agreement between Rice and Barnes.[1] Each time he was asked, Rice indicated that there was "nothing in writing."[2] In his affidavit, however, Rice contends that he drafted and mailed a letter outlining the terms of the oral agreement to Barnes for Barnes's signature, but that Barnes never returned the letter. Rice has offered no explanation for the differences between his earlier deposition testimony and his affidavit testimony. The court finds that Rice's affidavit and deposition testimony is inherently inconsistent, and this portion of Rice's affidavit is due to be stricken. *See Dinkins v. Charoen Pokphand,* 133 F.Supp.2d 1237, 1249 (M.D.Ala.2001).

### B. *Motion for Summary Judgment*

At the outset, the court finds that Rice has abandoned his conversion claim.

---

**1.** H. Rice's Dep. at 71–72, 73–74, 83–84, 103–104, 110.

**2.** *Id.* at 110.

Barnes filed a sufficient motion for summary judgment, and Rice failed to respond. *See Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir.1995) (abandoned claims); *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115–17 (11th Cir.1993) (summary judgment standard). Furthermore, as to all of Rice's claims at law, the court finds that summary judgment is appropriate because Rice failed to cite to the record as required by the Uniform Scheduling Order. While the Order states that the parties' briefs must refer the court to those *specific facts* upon which they rely, Rice's attorney makes only sweeping statements without pointing to the record for support. The court has previously warned that "[s]hotgun pleadings are not allowed; a lawsuit is not a game of hunt the peanut." *Dinkins v. Charoen Pokphand,* 133 F.Supp.2d 1254, 1261 (M.D.Ala.2001). Because counsel has disregarded this warning, the court finds that Rice's evidence has not been properly produced, and summary judgment is due to be granted as to all of his claims at law. *See Pearson v. Prime Healthcare Corp.,* 2000 WL 33224801 at *4 (M.D.Ala.2000); *Twin City Ins. Co. v. Colonial Life & Acc. Ins. Co.,* 2000 WL 1785309 at *1 (M.D.Ala. 2000). For purposes of a more complete record, however, the court analyzes all of Rice's claims below.

### 1. Breach of contract

Rice and Barnes dispute whether, under their verbal contract, Rice was entitled to receive proceeds from selling the Waco property even if he defaulted on his promise to make interest payments. Even accepting all of Rice's testimony as true, the court finds that Rice cannot recover.

Alabama's Statute of Frauds provides that any agreement for the sale of lands, or any interest therein "is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing." ALA.CODE § 8–9–2 (1975). Al-

though Rice continually characterizes his relationship with the Barnes brothers as a "partnership," the statute nonetheless applies, so long as the partnership is for the sale and conveyance of property. *See Ideal Structures Corp. v. Levine Huntsville Dev't Corp.,* 251 F.Supp. 3, 11–12 (N.D.Ala. 1966), *rev'd on other grounds,* 396 F.2d 917 (5th Cir.1968); *Pierce v. Murphree,* 274 Ala. 20, 145 So.2d 207, 214 (1962). In this case, the purported agreement has as its exclusive subject matter the proceeds from the sale of real property. Consequently, the alleged contract was for an interest in the sale of land. Because the contract is not expressed in writing, the court finds that it is void. *See Pate v. Billy Boyd Realty & Constr.,* 699 So.2d 186 (Ala.Civ. App.1997).

Seeking to avoid this harsh result, Rice relies on the "fraud" exception to the Statute of Frauds. Under Alabama law, where "fraud operates from the beginning—that is, when the breaching party procured the land with no intent to perform the oral agreement admitted to have been made" then equity will intervene and render the Statute of Frauds defense inapplicable. *Leisure American Resorts, Inc. v. Knutilla,* 547 So.2d 424, 427 (Ala.1989). Rice's argument is without merit.

To survive summary judgment, Rice bears the heavy burden of demonstrating that there was "inherent fraud—that is, an intention not to perform operating from the inception of the transaction." *Id.; see also Goodyear Tire & Rubber Co. v. Washington,* 719 So.2d 774, 776 (Ala. 1998) (burden of proof). "If the mere refusal of a party to perform a parol contract for the sale of lands could be construed as fraud as would give a court of equity jurisdiction to enforce it, the statute of frauds would be rendered vain and nugatory." *Dunphy v. Ryan,* 116 U.S. 491, 498, 6 S.Ct. 486, 29 L.Ed. 703 (1886).

Rice's circumstantial evidence of fraud is insufficient as a matter of law. For instance, the fact that Barnes knew that the Waco property was valuable does not create an inference that at the inception of the contract Barnes had no intention of performing. A reasonable belief that the sale of the property would render a profit would also be a prerequisite to Barnes entering the agreement with the best of intentions. As to Rice's claim that Barnes acknowledged the terms of the oral contract during a telephone conversation in 1999, the Supreme Court of Alabama has made clear that a party cannot create an "estoppel bar to raising the Statute of Frauds merely because a party admits, either judicially or extrajudicially, the existence of or the substance of an oral contract within the Statute." *Pate*, 699 So.2d at 192; *see also Casey v. Travelers Ins. Co.*, 585 So.2d 1361, 1363 (Ala.1991); *Darby v. Johnson*, 477 So.2d 322, 327 (Ala. 1985).

In short, Rice has failed to "shoulder the heavy burden of 'clearly showing' an 'intention not to perform operating from the inception of the contract.'" *Pate, supra* at 192 (quoting *Durham v. Harbin*, 530 So.2d 208, 212 (Ala.1988)). Barnes testified that if Rice had paid all of the interest payments as promised, then he would have shared the proceeds from the sale. Though Rice denies knowing that he would forfeit his property interest if he did not make the required payments, Rice does not deny that he was obligated, in fact, to make all of the interest payments and subsequently failed to do so. In light of the foregoing, the court finds that Rice has failed to demonstrate inherent fraud necessary to circumvent the Statute of Frauds. *See id.* at 192–93.

### 2. Fraud

In Count Five, Rice brings a claim for promissory fraud. An essential element of promissory fraud is proof that Barnes intended not to perform the act promised, and that he acted with the intent to deceive. While Rice asks the court to infer intent to deceive from circumstantial evidence, Rice testified during his deposition that he does not contend that Barnes intended to defraud him at the time he was defrauded.[3] For this reason, and for others stated in Part IV.B.1, the court finds that Rice cannot prove the necessary elements of his fraud claim. *See Upton v. Drummond Co., Inc.*, 762 So.2d 373, 376–77 (Ala.Civ.App.2000).

### 3. Accounting

A plaintiff seeking accounting must show some "fiduciary or trust relation[ship] giving rise to an active duty to disclose and account." *Acuff v. Rice*, 224 Ala. 54, 139 So. 91, 92 (1932). Rice claims that Barnes owed a duty to disclose and account for the proceeds of the partnership allegedly formed for conveying and selling the property. As previously noted, however, partnerships are subject to the Statute of Frauds. *See Pierce*, 145 So.2d at 214. Although the alleged partnership was created to convey and sell the Waco property, there is no written memorandum expressing the consideration for this contract. Thus, the supposed partnership is void and unenforceable. *See* ALA.CODE § 8–9–2(5).

### 4. Money had and received

A claim for money had and received is "based upon the theory that one person shall not be unjustly enriched at the expense of the other, and is equitable in nature. That is to say, the action lies wherever one has received and holds

---

**3.** H. Rice's Dep. at 108–09.

money which belongs to another." *Christie v. Durden,* 205 Ala. 571, 88 So. 667, 668 (1921). In order to prevail, Rice "must show that the money was received in such circumstances that the possessor will give offense to equity and good conscience if permitted to retain it." *A.C.L.R.R. v. Florida,* 295 U.S. 301, 309, 55 S.Ct. 713, 79 L.Ed. 1451 (1935). Thus, the issue is whether the circumstances are such that Barnes should restore to Rice a portion of the proceeds from the sale of the Waco property.

The court has serious doubts about Rice's prospect of prevailing, given that he received valuable consideration for the transfer of the Waco property and admittedly failed to fulfill his obligations under the supposed agreement. However, at this stage, the court does not "weigh the evidence and determine the truth of the matter." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505. Relevant cases do not foreclose recovery as a matter of law, *see* P.A. Davis, Tilley's Alabama Equity § 12.2 (3d ed.1994) (collecting cases), and Rice has a right to be heard. The fact that Rice is highly unlikely to prevail does not mean that Barnes is entitled to summary judgment. Perhaps there is something here that does not meet the eye.

### V. ORDER

It is CONSIDERED and ORDERED that Defendant's Motion To Strike be and the same is hereby GRANTED, as set out herein. It is further ORDERED that Barnes's Motion For Summary Judgment be and the same is hereby GRANTED as to all claims asserted by Plaintiff Lethia Rice and GRANTED as to all claims except Count IV asserted by Plaintiff Harold Rice, Sr.